■ STEVEN SCHREYER et al., Plaintiffs, v VILLAGE OF TUCKAHOE, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. PFAFF & KENDALL CO., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) — In a negligence action to recover damages for personal injuries, in which the defendant Village of Tuckahoe, *inter alia,* served a third-party complaint upon Pfaff & Kendall Co., said defendant appeals from an order of the Supreme Court, Westchester County (Slifkin, J.), dated October 9, 1981, which granted a motion by the third-party defendant Pfaff & Kendall Co., pursuant to CPLR 1010, to sever the third-party action from the main action. Order affirmed, with $50 costs and disbursements. Considering the record in its entirety, we are of the view that Special Term did not abuse its discretion in granting the severance (see *Cipollina v Kent,* 52 AD2d 632; *Todd v Gull Contr. Co.,* 22 AD2d 904; see, also, *Strange v Sampson,* 73 AD2d 749; *Vita Food Prods. v Epstein & Sons,* 52 AD2d 522). Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.

■ KENNETH SCHUCK, Appellant, v 7309 CORP., Doing Business as WINNIE THE POOHS PUB, Respondent, et al., Defendant. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County (Buschmann, J.), entered June 3, 1982, which, after a hearing denied plaintiff's motion to dismiss defendant 7309 Corp.'s affirmative defense of lack of personal jurisdiction. Order affirmed, without costs or disbursements. Accepting Special Term's resolution of the issue of the witnesses' credibility, the summons and complaint, which were left with the mother of an officer of defendant 7309 Corp., were not delivered to a person authorized to receive service for the corporation. Even though 7309 Corp. received notice of the action several days later when the papers were redelivered by the mother to her daughter, an officer who was a proper person to receive service, service was ineffective to confer personal jurisdiction under CPLR 311 (*McDonald v Ames Supply Co.,* 27 AD2d 559, affd 22 NY2d 111; cf. *Fashion Page v Zurich Ins. Co.,* 50 NY2d 265). Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.