■ NORA HOLMES, Respondent, v K & M JEWELRY, INC., Appellant. — Order of the Supreme Court, New York County (Bookson, J.), entered on April 5, 1982, which granted plaintiff's motion to confirm the report of the special referee upholding the validity of service of the summons and complaint, and which denied defendant's cross motion to reject the report, unanimously reversed, on the law and the facts, without costs, the motion denied, and the cross motion is granted. Plaintiff-appellant, Nora Holmes, sustained personal injuries in the course of her employment as a retail sales clerk for Gimbels, Inc., allegedly when a display case owned by defendant-respondent, K & M Jewelry, Inc., fell, striking her on August 3, 1976. Plaintiff received workers' compensation benefits from Gimbels for that injury. Plaintiff then attempted to sue K & M Jewelry, Inc., with whom she had no employment relation, for negligence. On July 13, 1977, a professional process server attempted to serve the corporate defendant on plaintiff's behalf. Special Term, faced with conflicting evidence as to the validity of that service, referred the issue to a special referee, who upheld the service. Reviewing the facts surrounding the purported service, it is clear that the corporate defendant was not properly served. The process server testified that he delivered the summons and complaint to a "Mrs. Kahn" who said she was in charge of the K & M Jewelry counter at Gimbels, where the accident had occurred. The president of the corporate defendant testified that the employment records of K & M Jewelry, Inc., do not show that any "Mrs. Kahn" was employed by K & M during the relevant period in any capacity, much less in the capacity of "officer, director, managing or general agent, or cashier or assistant cashier or other agent authorized by appointment or by law to receive service", as required by CPLR 311 (subd 1) for service of process upon a corporation. The unrefuted testimony before the special referee showed that K & M Jewelry, Inc., which maintained display

counters in many stores, did not regularly staff the K & M counter at Gimbels, but merely sent employees to keep the shelves stocked. The person at the K & M counter was as likely an employee of Gimbels as of K & M. Moreover, in 1976, the address of K & M Jewelry, Inc., was listed in the telephone directory as 80 West End Avenue, New York City. Plaintiff has failed to sustain the validity of service. Concur — Kupferman, J. P., Sandler, Asch, Silverman and Bloom, JJ.