■ Marie Downs, Respondent, v M.P.T. Beauty Salon, Inc., Doing Business as Cut and Curl Beauty Salon of Green Acres, Also Known as International Haircrafters, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Kelly, J.), entered March 7, 1986, which, after a hearing, denied its motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is granted, and the complaint is dismissed.

Special Term denied the defendant's motion to dismiss the complaint for lack of personal jurisdiction, after a hearing. In so holding, Special Term made two crucial findings of fact, viz., (1) that Mark Piccirilli, upon whom service of process was made, told the process server that he was "the boss" of the defendant corporation, a beauty salon located in Valley Stream, Long Island, and (2), that Mark Piccirilli was an employee of the defendant corporation. While the first of these two findings of fact finds support in the record, the second has absolutely no support in the record. Indeed, the evidence adduced at the hearing clearly indicates that Mark Piccirilli had no connection with the defendant corporation, other than the fact that his mother was an officer thereof. The record further indicates that Mark Piccirilli was fully employed as a bookbinder for a Brooklyn company, and was merely visiting his mother in the Valley Stream beauty salon on the day in

question. Under these circumstances, service upon Mark Piccirilli was ineffective to confer personal jurisdiction over the corporate defendant under CPLR 311 *(see, McDonald v Ames Supply Co.,* 27 AD2d 559, *affd* 22 NY2d 111; *Schuck v 7309 Corp.,* 90 AD2d 828; *cf., Fashion Page v Zurich Ins. Co.,* 50 NY2d 265). Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.