■ ANTHONY DONARUMA et al., Respondents, v VICTOR D'AGOSTINO et al., Defendants, and ISLAND RECREATIONAL et al., Appellants. [643 NYS2d 208] —In an action to recover damages for personal injuries, etc., the defendants Island Recreational, Island Swimming Sales, Inc., and Island Recreational, Inc., appeal from an order of the Supreme Court, Queens County (Milano, J.), dated January 30, 1995, which, after a

hearing to determine the validity of service of process, in effect, granted the branch of the plaintiffs' motion which was to strike the appellants' affirmative defense of lack of personal jurisdiction and denied the branch of the appellants' cross motion which was to dismiss the complaint insofar as it is asserted against them for lack of personal jurisdiction.

Ordered that the order is reversed, on the law and the facts, with costs, the branch of the plaintiffs' motion which was to dismiss the appellants' affirmative defense of lack of personal jurisdiction is denied, the branch of the appellants' cross motion which was to dismiss the complaint insofar as it is asserted against them for lack of personal jurisdiction is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed.

At the hearing to determine the validity of service of process, it was incumbent upon the plaintiffs to sustain their burden of establishing that proper service pursuant to CPLR 311 (1) had been made on the appellants Island Recreational, Island Swimming Sales, Inc., and Island Recreational, Inc., on August 3, 1993 (*see, Empire Natl. Bank v Judal Constr.,* 61 AD2d 789). The appellants were treated as one corporation for the purpose of the hearing. To this end, the plaintiffs relied on the process server, who testified that he went to one of the appellants' retail stores at 1059 Hicksville Road in Seaford on August 3, 1993, and personally served Karl Shariff, who allegedly told the process server that he was "the manager". According to the process server, Shariff was a "male white" with "blond hair * * * about five-ten, 160 pounds and approximately 35 years of age". However, the president of the corporation testified, based on the payroll records of the corporation which were admitted by the court into evidence, that there was no Karl Shariff employed by the appellants for the period inclusive of the date service was allegedly made. The appellants' president also testified that the manager at the 1059 Hicksville Road Corporation, Jerry Griesing, was taller, heavier, and had darker hair than the individual who identified himself as Karl Shariff to the process server.

Under these circumstances, the plaintiffs failed to meet their burden of establishing proper service, and the complaint must be dismissed insofar as it is asserted against the appellants for lack of personal jurisdiction (*see, Holmes v K & M Jewelry,* 94 AD2d 657; *Downs v M.P.T. Beauty Salon,* 129 AD2d 674). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.