■ CARL COPPOLA, SR., Plaintiff, v JOSEPH ROBB, JR., et al., Defendants. (And Another Caption.) EDWARD SEYMOUR, an Infant, by AUDREY SEYMOUR, His Mother and Natural Guardian, et al., Plaintiffs, v JOSEPH F. ROBB, SR., et al., Defendants, and JOSEPH F. ROBB, JR., Defendant and Third-Party Plaintiff-Respondent. EUGENE J. SMITH, Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injuries, etc., the third-party defendant appeals from two orders of the Supreme Court, Kings County, both dated March 24, 1976, (1) the first of which denied his motion to sever the third-party action from the main action and (2) the second of which, *inter alia,* denied his motion for discovery *de novo* of all parties, prior to trial. First above-described order affirmed. Second above-described order modified by (1) adding to the first decretal paragraph thereof, after the word "denied", the following, "except that the third-party defendant may examine plaintiff Edward Seymour, limited to questions as to injuries and treatment," and (2) deleting the third decretal paragraph thereof, and substituting therefor a provision permitting the third-party defendant to have a physical examination, to be conducted by a physician of his own choosing, of the infant plaintiff. As so modified, order affirmed. The examination before trial and physical examination shall proceed at times and places to be fixed in a written notice of not less than 10 days, to be given by third-party defendant, or at such times and places as the parties may agree. The time within which the third-party defendant may serve such notice is

extended until 14 days after entry of the order to be made hereon. In no event shall the examinations be scheduled for a date later than 25 days after service of the notice as herein provided. Third-party defendant is awarded one bill of $50 costs and disbursements, payable by third-party plaintiff. That the third-party action is for malpractice, while the main action is for negligent operation of an automobile, is insufficient to require a severance. It must be shown that the prejudice in delay overrides the convenience of trying both cases together. Such a showing has not been made. Despite considerable delay already, it has not been shown that a short additional delay to allow the third-party defendant to prepare his case will prejudice the plaintiff in the main action. To insure that the taking of the examinations does not cause undue delay, the court has, as above provided, limited their timing and scope. Hopkins, Acting P. J., Martuscello, Damiani and Suozzi, JJ., concur.