## (August 28, 1979)

■ NETTIE FALK, Respondent, v PALM BEACH HOME FOR ADULTS, Respon-

dent, and ARMOR ELEVATOR COMPANY, Appellant.—In a negligence action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County, dated March 15, 1979, which denied its motion, pursuant to CPLR 1010, to dismiss the third-party complaint or, in the alternative, to sever the third-party action from the main action. Order reversed, without costs or disbursements, and motion granted to the extent that the third-party action is severed from the main action. The third-party action was commenced nearly a year after service of the complaint in the main action and shortly after plaintiff had filed a note of issue and statement of readiness, and moved for a general preference, and a special preference pursuant to CPLR 3403 (subd [a], par 4). The record discloses that the third-party plaintiff has also delayed in responding to the third-party defendant's demands for disclosure and a bill of particulars. In these circumstances, it would be unfair to require the third-party defendant to proceed to trial without an adequate opportunity to complete pretrial disclosure. Plaintiff, who is 93 years old, would be prejudiced by any further delays in the commencement of the trial, which has been ordered placed on the Ready Day Calendar. Accordingly, the third-party action should be severed. Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.