■ JOHNSTON PRODUCTS CORPORATION et al., Respondents, v ATI, INC., Defendant and Third-Party Plaintiff-Respondent. McLAUGHLIN GORMLEY KING COMPANY, Third-Party Defendant-Appellant. — In an action to recover damages for breach of warranty, the third-party defendant appeals from an order of the Supreme Court, Queens County (Hyman, J.), entered June 26, 1981, which denied its motion, pursuant to CPLR 603, to sever the third-party action from the main action. Order modified by adding a provision thereto permitting the

third-party defendant to examine before trial both plaintiffs and defendant third-party plaintiff. As so modified, order affirmed, without costs or disbursements. Such examinations are to proceed at times and places to be fixed in a written notice of not less than 10 days, to be given by third-party defendant, or at such times and places as the parties may agree. Such notice of examination may be served by the third-party defendant up until 14 days after service upon it of a copy of the order to be made hereon, with notice of entry. The factual and legal questions involved in the main action and the third-party action are virtually identical. While there is no justification for the substantial delay in serving the third-party complaint, there has been no showing that plaintiffs in the main action will be prejudiced by the short additional delay required for discovery by the third-party defendant (see *Coppola v Robb,* 55 AD2d 634; cf. *Falk v Palm Beach Home for Adults,* 71 AD2d 963). To insure that such discovery does not cause undue delay, the court has, as above provided, limited the time in which further examinations must be made. We note that prior to the initiation of the third-party action, the third-party defendant was deposed as a nonparty witness to the main action and that the third-party defendant has received copies of prior discovery materials as well as a bill of particulars from defendant third-party plaintiff. The third-party defendant has neither alleged nor shown that it will be prejudiced by proceeding to trial, with the main action, after it conducts its own discovery. Titone, J. P., Gibbons, Weinstein and Rubin, JJ., concur.