■ THOMAS J. FRIES, Plaintiff, v SID TOOL CO., INC., Defendant and Third-Party Plaintiff-Appellant. ALPINE TRANE AIR CONDITIONING COMPANY, INC., Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated March 19, 1982, which granted that part of a motion by the third-party defendant which was to sever the third-party action and directed a separate trial thereof. Order reversed insofar as appealed from, without costs or disbursements, and third-party defendant's motion denied in its entirety. Leave is hereby granted to the third-party defendant to conduct such discovery proceedings as it deems appropriate, such discovery to be completed within 60 days after service upon the third-party defendant of a copy of the order to be entered hereon, with notice of entry. This action shall remain on the Trial Calendar pending completion of discovery. The primary action seeks to recover damages for personal injuries sustained by plaintiff Thomas Fries, an employee of third-party defendant, Alpine Trane Air Conditioning Co., Inc., while working on the premises of the defendant third-party plaintiff, Sid Tool Co., Inc. (Sid Tool). The action was commenced on July 23, 1979, and issue was joined on October 23, 1979. Plaintiff served and filed a note of issue and certificate of readiness on or about February 24, 1981. The third-party action was commenced in October, 1981. Upon a motion by the third-party defendant, Special Term severed the third-party action from the main action, and this appeal followed. The factual and legal questions involved in the main action and the third-party action are virtually identical. Under the circumstances, and in the interest of judicial economy, a single trial would be more appropriate. Although Sid Tool, without justification, waited some 24 months after issue was joined, and at least seven months after service of plaintiff's certificate of readiness, before commencing the third-party action, the third-party defendant has not shown that it would be prejudiced by a denial of a severance so long as sufficient time is allotted for it to undertake and complete discovery. To insure, however, that none of the parties are prejudiced by undue delay, we have directed that such discovery be completed expeditiously (see *Johnston Prods. Corp. v ATI, Inc.,* 87 AD2d 604; *Coppola v Robb,* 55 AD2d 634). Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.