■ KIERAN EGAN, Respondent, v ARIENS Co., Defendant and Third-Party Plaintiff-Appellant, and FOREST EQUIPMENT CO., INC., Respondent. CAROLINA GARDENS, INC., Third-Party Defendant-Respondent. — In an action to recover damages for personal injuries predicated upon theories of negligence, strict liability in tort and breach of warranty, defendant and third-party plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (Kuffner, J.), dated February 27, 1984, as granted that branch of a cross motion by the third-party defendant which was to sever the third-party action and directed a separate trial thereof.

Order reversed, insofar as appealed from, without costs or disbursements, and third-party defendant's cross motion denied in its entirety. Leave is hereby granted to the third-party defendant to conduct such discovery proceedings as it deems appropriate, said discovery to be completed within 60 days after service upon it of a copy of the order to be made hereon, with notice of entry. This action shall remain on the Trial Calendar under its original caption pending completion of discovery.

The object of the primary action is to recover damages for personal injuries sustained by the plaintiff Kieran Egan, an employee of the third-party defendant, Carolina Gardens, Inc., while using a snow-thrower manufactured by the defendant Ariens Co. and distributed by the defendant Forest Equipment Co., Inc. The action was commenced on January 9, 1981 and issue was joined on April 1, 1981. The case was noticed for trial on March 28, 1983, and on or about September 27, 1983, the third-party action was initiated. Special Term severed the third-party action from the main action and this appeal ensued.

The factual and legal questions involved in the main action and the third-party action are related. Under the circumstances, and in the interest of judicial economy, a single trial would be more appropriate (*Shanley v Callanan Indus.*, 54 NY2d 52, 57). In order to insure that none of the parties is prejudiced, either by being forced to trial without adequate preparation or by undue delay, we have directed that the discovery sought in the third-party action be completed expeditiously (*see, Fries v Sid Tool Co.*, 90 AD2d 512; *Johnston Prods. Corp. v ATI, Inc.*, 87 AD2d 604; *Coppola v Robb,* 55 AD2d 634). Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.