■ EVELYN C. RAGO et al., Appellants, v NATIONWIDE INSURANCE COMPANY et al., Respondents. (And Other Titles.) ■

The third-party complaints state valid causes of action for indemnification and contribution. Moreover, it appears that the defendants' delays in initiating the third-party actions were not attributable to a lack of diligence but to the difficulties inherent in identifying the various ownership interests involved in the shopping mall where the accident giving rise to the main action occurred. Inasmuch as the factual and legal issues raised by the third-party actions are not overly complex and are closely related to the questions involved in the underlying action, the denial of a severance was not an improvident exercise of discretion (*see, Fries v Sid Tool Co.,* 90 AD2d 512; *Johnston Prods. Corp. v ATI, Inc.,* 87 AD2d 604). Finally, we note that the court's determination to allow the third-party defendants additional time for discovery but to restore the action to the Trial Calendar

and set a date certain for the completion of such discovery, adequately protected the interests of all the parties (*see,* CPLR 1010; *Fries v Sid Tool Co., supra*). Mollen, P. J., Titone, Thompson and Lawrence, JJ., concur.