■ MAXIM LEAVITT, as Executor of DOROTHY RICHMAN, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Respondent. GENERAL MOTORS CORPORATION, Third-Party Defendant-Appellant. — In an action to recover damages for personal injuries and wrongful death, third-party defendant General Motors Corporation appeals from an order of the Supreme Court, Kings County (Hellenbrand, J.), dated September 12, 1984, which denied its motion to dismiss the third-party complaint without prejudice or, in the alternative, to sever the third-party action from the main action.

Order affirmed, without costs or disbursements.

We have reviewed the record and conclude that, notwithstanding the third-party plaintiff's inordinate and unjustified delay in commencing its third-party action, the denial of the third-party defendant's motion to sever that action from the main action did not constitute an improvident exercise of discretion (CPLR 1010; *Rago v Nationwide Ins. Co.,* 110 AD2d 831; *Fries v Sid Tool Co.,* 90 AD2d 512). Both actions involve common issues of law and fact, making a single trial appropriate.

Moreover, the third-party defendant was afforded an adequate opportunity to complete its discovery without unduly delaying the trial.

However, because this appeal was necessitated by the New York City Transit Authority's delay in commencing its third-party action, we have denied costs. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.