■ POWER TEST PETROLEUM DISTRIBUTORS, INC., Respondent, v NORTHVILLE INDUSTRIES CORP., Defendant and Third-Party Plaintiff-Appellant, CITGO PETROLEUM CORP. et al., Third-Party Defendants-Respondents.—In an action to recover damages for breach of a bailment contract, conversion, and unjust enrichment, defendant and third-party plaintiff Northville Industries Corp. appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated December 10, 1984, which (1) granted plaintiff's motion to dismiss the third-party complaint, or, in the alternative, to sever the third-party complaint, and dismissed the third-party complaint, and (2) denied Northville's cross motion to strike the action from the Trial Calendar and for further discovery.

Order modified, by reinstating the first three causes of action in the third-party complaint and denying a severance. As so modified, order affirmed, without costs or disbursements. Leave is hereby granted to the appellant and third-party defendants to conduct such discovery proceedings as they

deem appropriate, such discovery to be completed within 90 days after service upon them of a copy of the order to be made hereon, with notice of entry. This action shall remain on the Trial Calendar pending completion of said discovery.

The primary action was commenced by Power Test Petroleum Distributors, Inc. (Power Test) via service of a summons and verified complaint dated February 21, 1984, seeking recovery for the allegedly wrongful debiting of Power Test's gasoline inventory account by Northville Industries Corp. (Northville). Approximately five months after issue was joined in the main action, Northville commenced a third-party action against Citgo Petroleum Corp. (Citgo) and Bulk Sales Corp. (Bulk). The third-party complaint alleged, *inter alia,* negligence and fraud on the part of Citgo and Bulk in inducing Northville to debit the Power Test account. Thereafter, Power Test moved to dismiss the third-party complaint, and Northville cross-moved to strike the action from the Trial Calendar and for the opportunity to conduct further discovery. The motion to dismiss was granted and the cross motion to strike was denied.

We note at the outset that the question of whether plaintiff had standing to bring the motion to dismiss pursuant to CPLR 3211 (a) need not concern us, for this issue was never raised by defendant and third-party plaintiff Northville and affidavits in support of the motion were submitted by both third-party defendants. Thus, the parties have charted their own course in deciding to treat the motion on its merits, and we will therefore do the same.

Special Term's dismissal of the first three causes of action in the third-party complaint pursuant to CPLR 3211 (a) (7) was error, for the allegations underlying these claims are sufficient to state causes of action for indemnification and contribution in that they claim that the debiting of Power Test's account was the result of Northville's reliance upon the representations and acquiescence of both Citgo and Bulk. On a motion to dismiss pursuant to CPLR 3211 (a) (7), a third-party complaint is entitled to the same broad and liberal interpretation accorded to any other complaint *(De Pan v First Natl. Bank,* 98 AD2d 885). A fair reading of the third-party complaint in this case indicates that it should have been sustained except as to the fourth cause of action, which asserts a contract claim unrelated to the main action.

Moreover, we are unpersuaded that a discretionary dismissal or severance of the third-party action pursuant to

CPLR 1010 is appropriate here. Since the questions of law and fact in the subsidiary action are intertwined with those in the main action, a single trial is preferable (see, *Fries v Sid Tool Co.*, 90 AD2d 512; *Johnston Prods. Corp. v ATI, Inc.*, 87 AD2d 604). Power Test has failed to show any substantial prejudice which would result from the slight delay in trying both cases together (see, CPLR 1010; *Coppola v Robb*, 55 AD2d 634). However, to insure that none of the parties is prejudiced by undue delay, discovery in the third-party action is to be completed within the time limit imposed above (see, *Fries v Sid Tool Co., supra; Johnston Prods. Corp. v ATI, Inc., supra*). In light of this extension of time during which discovery may be conducted, the case need not be stricken from the Trial Calendar.

Our decision herein should in no way influence Special Term in determining the pending motion for summary judgment. Brown, J. P., Rubin, Lawrence and Kooper, JJ.; concur.