■ MARVIN SCHEIN, Plaintiff, v SEA SHORE MARINA PROPERTIES CORP., Defendant and Third-Party Plaintiff-Appellant. WATERSEDGE CONTRACTING CORP. et al., Third-Party Defendants-Respondents.—In a negligence action to recover damages for personal injuries, the defendant and third-party plaintiff, Sea Shore Marina Properties Corp. (hereinafter Sea

Shore), appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated August 20, 1984, as granted the branch of the third-party defendant John Scarlata's motion which was to sever the third-party action as against him from the main action and (2) from so much of a further order of the same court, dated November 20, 1984, as denied its cross motion for reargument and/or renewal.

Appeal from the order dated November 20, 1984 dismissed. Sea Shore's motion for reargument and/or renewal was actually a motion only for reargument. No appeal lies from an order denying a motion for reargument.

Order dated August 20, 1984 reversed, insofar as appealed from, without costs or disbursements, and the third-party defendant Scarlata's motion is denied in its entirety. This action shall remain on the Trial Calendar under its original caption.

On August 3, 1980, the plaintiff, Marvin Schein, allegedly sustained serious injuries when he attempted to remove a storm window in the main bedroom of his new apartment. The window cracked and the glass landed on the plaintiff's foot, causing the injuries for which he now seeks compensation. The plaintiff commenced the primary action in June 1981 against Sea Shore, the owner of the apartment building. Issue was joined in February 1982, and in August 1983 the plaintiff filed a note of issue placing the action on the Trial Calendar. Approximately nine months later, on or about May 7, 1984, Sea Shore served a third-party summons and complaint upon Watersedge Contracting Corp., the project manager responsible for the supervision of the construction of the building, and John Scarlata, the architect who designed the building. Special Term granted that branch of Scarlata's motion which was to sever the third-party action as against him from the main action. Special Term subsequently denied Sea Shore's cross motion for reargument and/or renewal. This appeal followed.

"Although it is within a trial court's discretion to grant a severance, this discretion should be exercised sparingly" (Shanley v Callanan Indus., 54 NY2d 52, 57). The pleadings and papers contained in the record herein reveal that the legal and factual issues raised in both the main action and the third-party action are inextricably interwoven. Although Sea Shore unjustifiably delayed in serving the third-party complaint, we nevertheless conclude that a single trial of the two actions would further the interests of judicial economy and would not result in prejudice to the third-party defendant

Scarlata since a substantial amount of time has already elapsed during which Scarlata has had ample opportunity to undertake and even complete discovery *(see, Egan v Ariens Co.,* 108 AD2d 894; *Fries v Sid Tool Co.,* 90 AD2d 512; *Johnston Prods. Corp. v ATI, Inc.,* 87 AD2d 604). Under the circumstances, it would be more appropriate for all of the parties involved to resolve all of the outstanding issues at one time, and thereby avoid duplicative lawsuits. Mollen, P. J., Gibbons, Brown and Niehoff, JJ., concur.