(December 8, 1986)

■ A & M WALLBOARD, INC., Appellant, v MARINA TOWERS ASSOCIATES et al., Respondents.—In an action to recover damages, *inter alia,* for breach of contract and breach of warranty, the plaintiff appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Kings County (Williams, J.), dated October 30, 1985, as granted that branch of the defendants' motion which was for partial summary judgment dismissing the fourth and fifth causes of action asserted in its complaint, and (2) from an order of the same court, also dated October 30, 1985, which denied its cross motion for leave to serve an amended complaint.

Ordered that the order which granted that branch of the defendants' motion for partial summary judgment dismissing the fourth and fifth causes of action asserted in the plaintiff's complaint, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order which denied the plaintiff's cross motion for leave to serve an amended complaint is reversed, in the exercise of discretion, without costs or disbursements, the cross motion is granted, and the plaintiff's proposed amended complaint is deemed served. The defendants' time to answer the amended complaint is extended until 20 days after service upon them of this decision and order, with notice of entry.

Leave to amend a pleading should be freely granted absent prejudice or surprise resulting from the delay (CPLR 3024 [b]; *Barnes v County of Nassau,* 108 AD2d 50, 52; *Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1044). Here, the defendants Lester Fisher and Samuel Lefrak were

aware of the underlying suits brought against all the defendants as well as the second cause of action against the defendant Lester Fisher, and the third cause of action against the defendant Samuel Lefrak. The plaintiff's amended complaint sought to correct the imperfections in the numbering contained in certain "repeat and reallege" paragraphs in the fourth and fifth causes of action of the complaint. The proposed amended complaint would add no new theory of action. The defendants had notice of the facts complained of and the legal theories of the claims on the face of the complaint, and under these circumstances there has been no showing of prejudice or surprise to the defendants.

The defendants' argument that the plaintiff delayed over four years in seeking amendment is not sufficient to demonstrate legal prejudice in this case, nor is the fact that a motion is made on the eve of trial a sufficient ground for denying leave to amend *(see, Barnes v County of Nassau, supra,* at p 52). Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.