■ JOEL ZAVETA, Respondent, v RAYMOND PORTELLI et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. S. MARTONE HOLDING CORP., Doing Business as ALBERTSON SERVICE CENTER, Defendant and Third-Party Defendant-Appellant.—In a consolidated action to recover damages for personal injuries, the third-party defendant S. Martone Holding Corp. (hereinafter Martone) appeals from an order of the Supreme Court, Queens County (Sacks, J.), dated April 3, 1986, which (1) denied its motion to dismiss the third-party action against it, and (2) granted the plaintiff Joel Zaveta's motion to reargue its motion to dismiss the plaintiff's amended complaint insofar as it is asserted against it as barred by the applicable Statute of Limitations, and, upon reargument, denied its motion to dismiss.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying Martone's motion to dismiss the plaintiff's amended complaint insofar as it is asserted against it and substituting therefor a provision granting that motion and dismissing the plaintiff's amended complaint insofar as it is asserted against Martone. As so modified, the order is affirmed, without costs or disbursements.

The court did not abuse its discretion in granting the motion for reargument (see, *Rodney v New York Pyrotechnic Prods. Co.*, 112 AD2d 410). Nor did the court's denial of Martone's motion to dismiss the third-party complaint on the basis of laches constitute an abuse of discretion, since the delay in serving the third-party complaint has not resulted in prejudice to the plaintiff Zaveta or to the defendant David Gilcrest (who was a plaintiff in a separate action before that

action was consolidated with the plaintiff Zaveta's action) and judicial economy would be served by trying these actions together *(see, Fries v Sid Tool Co.,* 90 AD2d 512; *Johnson Prods. Corp. v ATI, Inc.,* 87 AD2d 604; *Rodriguez v St. Francis Hosp.,* 43 AD2d 965). Any alleged prejudice to Martone may be cured by permitting it to conduct expeditious discovery with regard to the third-party action *(see, Battipaglia v Barlow,* 107 AD2d 1001; *Fries v Sid Tool Co., supra; Johnson Prods. Corp. v ATI, Inc., supra).* The lack of prejudice is particularly evident in this case, since Martone has been a defendant in the consolidated action since 1981 and has had an opportunity to engage in discovery with regard to the occurrences upon which the third-party claim is based.

However, the court did err in denying Martone's motion to dismiss the plaintiff Zaveta's amended complaint insofar as it is asserted against it as time barred, on the ground that Martone received notice of the circumstances surrounding the claim asserted against it in the amended complaint prior to the expiration of the applicable Statute of Limitations. CPLR 1009, which permits a plaintiff to amend his complaint without leave of the court to assert against a third-party defendant any claim the plaintiff has against him within 20 days of service of the answer to the third-party complaint upon the plaintiff's attorney, does not relieve a plaintiff from the operation of the Statute of Limitations otherwise applicable to the claims asserted *(Liverpool v Arverne Houses,* 67 NY2d 878). Nor is the plaintiff Zaveta aided by the relation-back doctrine of CPLR 203 (e) *(see, Duffy v Horton Mem. Hosp.,* 66 NY2d 473), since the third-party claim was not interposed prior to the expiration of the applicable Statute of Limitations *(see, Nieves v Aqueduct Race Track,* 118 AD2d 550; *see also, Cucuzza v Vaccaro,* 109 AD2d 101, *affd* 67 NY2d 825). The mere fact that Martone had notice of the occurrences underlying the plaintiff Zaveta's claim by virtue of the commencement of the action by the defendant Gilcrest against him is an insufficient basis upon which to allow the plaintiff Zaveta to circumvent the requirements of CPLR article 2 *(see, Shapiro v Schoninger,* 122 AD2d 38; *Werner Spitz Constr. Co. v Vanderlinde Elec. Corp.,* 64 Misc 2d 157, 162-163). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.