■ EDWARD W. STENGEL et al., Plaintiffs, v CLARENCE MATERIALS CORP., Doing Business as EMPIRE BUILDERS SUPPLY CO., et al., Respondents, and MACK TRUCKS, Appellant. (Appeal No. 1.)—Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff, seeking recovery for personal injuries allegedly sustained by him, commenced two separate actions; the first against defendant Empire Builders Supply Co. and others; the second against defendant Mack Trucks. These actions were consolidated by the court. Subsequently, Mack Trucks moved to amend its answer to add cross claims against Empire and others for contribution. The court denied this motion. Mack Trucks appeals from this order.

Thereafter, Mack Trucks commenced a third-party action against Empire and others seeking indemnification or contribution from third-party defendants. The latter answered and asserted by way of affirmative defense that the third-party action was barred by principles of res judicata and collateral

estoppel. Third-party plaintiff Mack Trucks' motion to dismiss this affirmative defense was denied by the court. Mack Trucks appeals from this order.

We reverse the first order of the court which, perforce, renders the appeal from the second order moot.

Leave to amend pleadings should be freely given (CPLR 3025 [b]). Delay in seeking an amendment, even a delay of several years, is not a sufficient ground for denying the amendment *(A & M Wallboard v Marina Towers Assocs.,* 125 AD2d 354, 355) and absent a showing of prejudice or surprise resulting directly from the delay it is an abuse of discretion as a matter of law to deny the motion to amend *(D'Onofrio v St. Joseph's Hosp. Health Center,* 101 AD2d 686). The basis for Mack Trucks' contribution claim against Empire is the same theory upon which plaintiffs' complaint predicates Empire's liability; that Empire negligently altered the design of the truck. Clearly, there can be no surprise to Empire that Mack Trucks would claim contribution from it on this theory.

We further observe that any prejudice that could enure to Empire by allowing Mack Trucks' cross claim for contribution is minimal when compared to the waste of judicial resources that would result if plaintiffs' action was tried separately, and then Mack Trucks, if found liable to plaintiffs, had to commence a separate action for contribution and essentially repeat the entire trial. The preferred method of asserting a claim for contribution is via a cross claim; a separate action being a "decidedly poor alternative" (Siegel, NY Prac § 173, at 213). Because the actions contain common issues of law and fact, a single trial is appropriate, and even an inordinate delay in asserting a cross claim or commencing a third-party action should not defeat the strong policy favoring a single trial *(Power Test Petroleum Distribs. v Northville Indus. Corp.,* 114 AD2d 405, 407; *Leavitt v New York City Tr. Auth.,* 111 AD2d 907, 908; *Battipaglia v Barlow,* 107 AD2d 1001, 1002; *Johnston Prods. Corp. v ATI, Inc.,* 87 AD2d 604, 605).

If Empire is so inclined it may apply to Special Term for an order granting additional discovery and fixing dates to expedite discovery. (Appeal from order of Supreme Court, Erie County, McGowan, J.—amend answer.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.