■ Louis Calcanes, Respondent, v City of New York, Defendant and Third-Party Plaintiff and Second Third-Party Defendant-Respondent. J. Baranello & Sons, Third-Party Defendant, Fourth-Party Plaintiff and Second Fourth-Party Plaintiff-Respondent; Bakke Construction Corp., Fourth-Party Defendant-Respondent; J. Baranello & Sons, Second Fourth-Party Plaintiff-Respondent; Berson & Berleth, Inc., Second Third-Party Defendant, Second Fourth-Party Defendant and Fifth-Party Defendant-Respondent; Dawsun Metal Co., Inc., Fifth-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the fifth-party defendant appeals from an order of the Supreme Court, Kings County (Duberstein, J.), dated September 6, 1988, which denied its motion to dismiss or sever the fifth-party action from the main action.

Ordered that the order is affirmed, with costs.

The court's discretion in granting a severance should be exercised sparingly *(Shanley v Callanan Indus.,* 54 NY2d 52, 57). Where, as here, the factual and legal issues raised in the fifth-party action are not overly complex and are closely related to the questions involved in the main action, and the delay in initiating the fifth-party action is attributable to the difficulties·inherent in identifying individual material suppliers in a large and complex construction project, the denial of a severance was not an improvident exercise of discretion *(see, Rago v Nationwide Ins. Co.,* 110 AD2d 831). Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.