■ ELIZABETH A. KLEIN, Respondent, v CITY OF LONG

BEACH, Defendant and Third-Party Plaintiff-Respondent. HEN-DRICKSON BROTHERS, INC., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; DONALD MONTI, Fourth-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, the third-party defendant and fourth-party plaintiff, Hendrickson Brothers, Inc., appeals from an order of the Supreme Court, Nassau County (Collins, J.), entered June 21, 1988, which granted the plaintiff's motion to sever the fourth-party action from the main and third-party actions and denied its cross motion to sever the third-party action.

Ordered that the order is modified, by deleting therefrom the provision granting the plaintiff's motion to sever the fourth-party action and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs to the appellant payable by the plaintiff-respondent and the defendant third-party plaintiff-respondent appearing separately and filing separate briefs; and it is further,

Ordered that the appellant and the fourth-party defendant are granted leave to conduct those discovery proceedings which they deem to be appropriate, such discovery to be completed within 60 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that pending the completion of discovery, the action shall remain on the Trial Calendar.

We conclude that the granting of the plaintiff's motion to sever the fourth-party action constituted an improvident exercise of discretion. The questions of law and fact involved in the main action and the third-party action are inextricably interwoven with those in the fourth-party action. Therefore, a single trial is appropriate in furtherance of the interests of judicial economy *(see, e.g., Shanley v Callanan Indus.,* 54 NY2d 52, 57; *Pescatore v American Export Lines,* 131 AD2d 739; *Power Test Petroleum Distribs. v Northville Indus. Corp.,* 114 AD2d 405, 407). Although there has already been considerable delay in the progress of this action, there has been no demonstration that the brief additional delay to permit discovery in the fourth-party action will cause substantial prejudice to the plaintiff in the main action or to the defendant third-party plaintiff in the third-party action *(see,* CPLR 603, 1010; *Pescatore v American Export Lines, supra; Coppola v Robb,* 55 AD2d 634). Any alleged prejudice to the adverse parties may be cured by the direction that discovery in the fourth-party action be completed expeditiously within the time frame imposed herein *(see, e.g., Zaveta v Portelli,* 127 AD2d 760;

*Fries v Sid Tool Co.,* 90 AD2d 512; *Johnston Prods. Corp. v ATI, Inc.,* 87 AD2d 604). Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.