■ POLO, RALPH LAUREN CORP., Plaintiff, v CITY OF NEW YORK et al., Defendants. DEVONISH & Co., INC., Appellant, v

CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents. (And a Third-Party Action.) [597 NYS2d 74] —Orders, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about March 6, 1992 and September 1, 1992, respectively, which denied plaintiff's motion to renew its prior application to strike the statute of limitations defense of third-party defendant Consolidated Edison Company of New York (Con Ed) and granted Con Ed's cross-motion to dismiss the complaint; and which granted the motion of defendants Empire City Subway Company Ltd. and New York Telephone Co. to dismiss the complaint, unanimously affirmed, without costs.

The trial court properly concluded that plaintiff's direct action against the third-party defendants was time-barred because the third-party complaint was commenced after the expiration of the underlying statute of limitations *(Zaveta v Portelli,* 127 AD2d 760, 761). While the third-party defendants, as participants in the consolidated tort actions, had notice of the underlying occurrence, such notice is not a basis upon which to permit plaintiff to commence a direct action after the 3-year statute of limitations had run *(supra)*. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Nardelli, JJ.