■ Norman Stark et al., Respondents, v Greenberg, Dauber & Epstein, Formerly Greenberg & Epstein, et al., Appellants. (And a Third-Party Action.) [631 NYS2d 349] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered April 26, 1995, which, *inter alia*, granted plaintiffs' cross motion to vacate discovery notices and quash certain subpoenas and to sever the third-party action, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of denying that part of the cross motion seeking to sever the third-party claim and directing that discovery on that claim be completed on an expedited basis, and otherwise affirmed, with costs to defendants.

The IAS Court erred in concluding that severance of the third-party claim from the main malpractice action was warranted. It is true that defendants should not have waited a year and a half to commence the third-party action since, as the IAS Court noted, they had long been aware of the "factual underpinnings" to their claim that third-party defendants engaged in wrongdoing in regard to the refinancing closing. However, this dilatory conduct should not outweigh the consideration that the main action and the third-party action involve common issues of law and fact and should proceed together (*Leavitt v New York City Tr. Auth.*, 111 AD2d 907). Both defendant Epstein and third-party defendant Stern were present at the refinancing closing, and the parties disagree as to which attorney represented plaintiffs and thus, as to whether Epstein could have been negligent in failing to obtain for plaintiffs a release of their obligations under the purchase money notes. The allegation that third-party defendants defrauded plaintiffs is a closely related matter since it raises the question of whether plaintiffs and/or the attorney who in

fact represented them were informed about the assumption of liability agreement which retained plaintiffs' liability for obligations under the notes.

The IAS Court quashed, as untimely, the subpoenas served on five lawyers who represented plaintiffs during the course of the note holders' litigation. Regardless of the timeliness factor, the subpoenas were improper on other grounds. The matter on which those lawyers represented plaintiffs and presumably held discussions with plaintiffs involved the latter's unsuccessful claims in the note holders' litigation that plaintiffs had paid consideration in full satisfaction of their liability and that there had been fraud in the making of the agreement of assumption. Since plaintiffs have not raised those issues in the instant malpractice action, and since they do not allege any negligence on the part of defendants regarding the latter's representation during the course of the note holders' litigation, their communications with the five lawyers about those issues remain privileged (*Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 834, 835). Thus, the IAS Court properly directed plaintiffs to produce only attorney time sheets (in order to assess damages) that omit such privileged information.

We have considered defendants' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.