■ MIRIAM BELKIN, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, et al., Third-Party Plaintiff. MELWOOD CONSTRUCTION CORP., Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Respondent, v ALEXANDRIA TILE CORP., Fourth-Party Defendant-Appellant. [696 NYS2d 140] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered April 27, 1999, which, in an action against a property owner for personal injuries allegedly sustained in a slip and fall, denied fourth-party defendant-appellant subcontractor's motion to sever the fourth-party action brought against it by third-party defendant-respondent general contractor, and directed completion of all disclosure within 20 days, unanimously affirmed, without costs.

Appellant claims that its joinder as a fourth-party defendant at or about the time plaintiff filed her note of issue, the award of a trial preference to plaintiff and motion practice concerning

the scope of the fourth-party complaint deprived it of a fair opportunity to conduct disclosure, and that the 20 days it was given to complete disclosure is inadequate. However, we find that it was well within the discretion of the IAS Court to deny appellant a severance of the fourth-party action absent a reasonable explanation why it did not seek to conduct disclosure during the five and a half months between service of its answer and the making of its motion for a severance (*see*, *Schein v Sea Shore Marina Props. Corp.*, 118 AD2d 767). Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.