■ VITA FOOD PRODUCTS, INC., et al., Appellants, v A. EPSTEIN & SONS, INC., et al., Respondents, et al., Defendants. A. EPSTEIN & SONS, INC., et al., Third-Party Plaintiffs, v SHERRY 49TH STREET CONSTRUCTION CORP. et al., Third-Party Defendants. A. EPSTEIN & SONS, INC., et al., Second Third-Party Plaintiffs-Respondents, v CITY OF NEW YORK et al., Second Third-Party Defendants-Appellants, et al., Second Third-Party Defendant.—Order entered in the Supreme Court, New York County, on December 4, 1975, denying plaintiffs' and second third-party defendants' motions to dismiss the third-party complaint, modified, on the law and the facts and in the exercise of discretion, so as to dismiss the third-party complaint without prejudice, pursuant to CPLR 1010 and otherwise affirmed, without costs or disbursements. This action for damages against the defendants for breach of contract and professional malpractice of architects-engineers was commenced in July, 1972. The defendants waited until June, 1975 to serve their third-party complaint. At best, the impleader complaint involves only a few of the multifold issues pending in the main action. It would be unfair to involve the third-party defendants in all the main action issues, most of which are extraneous to them. We find no justification for delaying the service of the impleader complaint until after the note of issue and statement of readiness had been filed in the main action and at the eve of trial. The defendants have known since the commencement of the main action and before, of plaintiffs' claims in regard to defendants' actions and the third parties' role therein. To allow impleader at this late date would result in either prejudice to the plaintiffs by the necessary delay to allow the impleaded defendants to engage in discovery and examine prior voluminous disclosure or, in the alternative, it would severely prejudice the third-party defendants to press the case to trial without giving them the opportunity of such discovery. In these circumstances, severance was the least relief that the court below should have granted. (Cf. *Todd v Gull Contr. Co.,* 22 AD2d 904.) Concur—Capozzoli, Lane and Nunez, JJ.; Kupferman, J. P., dissents and would affirm on the opinion of Asch, J.