■ MICHAEL SHIPSEY et al., Respondents, v STANLEY KATZ et al., Appellants. TAMMY E. GITTLEMAN, an Infant, by her Natural Guardian, MARCIA G. GITTLEMAN, et al., Respondents, v STANLEY B. KATZ et al., Appellants. MITCHELL ROSOFF, an Infant, by His Parent, ROBERT ROSOFF, et al., Respondents, v STANLEY KATZ et al., Appellants, and MICHAEL SHIPSEY, Respondent. STANLEY KATZ et al., Defendants and Third-Party Plaintiffs-Appellants, v MICHAEL F. SHIPSEY et al., Third-Party Defendants-Respondents.—In negligence actions, *inter alia,* to recover damages for personal injuries, which are to be jointly tried, defendants and third-party plaintiffs Katz appeal (1) from so much of an order of the Supreme Court, Queens County, dated November 1, 1976, as directed severance of the third-party actions commenced by them and (2) from an order of the same court, dated December 13, 1976, which denied their motion for reargument. Appeal from the order dated December 13, 1976 dismissed. No appeal lies from an order denying a motion for reargument *(Roberts v Connelly,* 35 AD2d 813; *Morris v Morris,* 33 AD2d 786). Order dated November 1, 1976 modified by (1) adding to the provisions which sever the third-party actions and consolidate those actions for purposes of trial, a provision excepting therefrom the third-party action commenced against respondent Michael Shipsey and (2) adding thereto a provision joining the third-party action againt Michael Shipsey, for purposes of trial, with the main actions. As so modified, order affirmed insofar as appealed from. Respondents appearing separately and filing separate briefs are awarded one bill of $50 costs and disbursements, payable by appellants, to cover both appeals. Special Term properly severed the third-party actions as against Future Motors, Inc., and Chrysler Motors Corp. Those actions were not commenced until June, 1976, more than six months after plaintiffs had filed their statement of readiness, thus working a delay to the prejudice of the plaintiffs (see *Vita Food Prods. v Epstein & Sons,* 52 AD2d 522; *Todd v Gull Contr. Co.,* 22 AD2d 904; see, also, CPLR 1010). The fact that discovery proceedings may have been completed subsequent to the motion and that the main actions have not yet been reached for trial is irrelevant. Such is not a part of the record on appeal and, in any event, does not bear on the propriety of Special Term's exercise of discretion at the time the motion was made. Moreover, the third-party actions against Chrysler and Future, based as they are on breach of warranty, do not

involve questions of fact similar to those in the main negligence actions. The former require detailed testimony by expert witnesses, as well as complicated exhibits, delving into the make, construction and repair of the Katz vehicle; the latter merely involve a question as to which driver's negligence caused the collision. However, it was error for Special Term to sever the third-party action as against Michael Shipsey since it was timely commenced and also involves a question of negligence. Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur.

■ ZYGMUNT TURSKI, Respondent, v ANTHONY CHIESA et al., Individually, and as Trustees of PARK ELECTROCHEMICAL CORP. EMPLOYEES' PROFIT SHARING TRUST, et al., Appellants.—In an action seeking payment under defendant Park Electrochemical Corporation's (Park) corporate profit sharing plan, and for damages due to the wrongful use of plaintiff's trade secret in violation of the parties' contract, defendants appeal (1) from an order of the Supreme Court, Queens County, dated March 4, 1977, which, *inter alia,* granted plaintiff's motion (a) for partial summary judgment on the first cause of action against the "trustee" defendants in the sum of $15,647.35 and (b) for leave to serve an amended complaint and (2) the judgment of the same court, entered thereon on March 21, 1977. Order modified, on the law, by (1) deleting the first two decretal paragraphs thereof and substituting therefor a provision denying the motion for leave to serve an amended complaint and (2) deleting so much of the fourth decretal paragraph thereof as begins with the words "for the sum of". As so modified, order affirmed and action remanded to Special Term for further proceedings in accordance herewith. Judgment reversed, on the law. In February, 1958 Park established a profit sharing plan on behalf of its employees which provided, *inter alia,* that an employee's interest in the plan would be forfeited on the following twin separate and distinctive grounds: "if [the employee] shall enter into a business competitive with the Company or become an employee of a business concern competitive with the Company." In January, 1960, the plan was amended by, *inter alia,* specifically deleting the clause "or become an employee of a business concern competitive", while retaining the language, "if [the employee] shall enter into a business competitive with the Company." Plaintiff, an organic chemist, was, according to the schedule of benefits, entitled to 100% of Park's contributions to the plan, or $15,647.35, when he was terminated from the corporation in November, 1973. Upon plaintiff's demand for payment, however, the trustees of the profit sharing plan refused to pay him on the ground that he forfeited his interest by becoming "employed by and associated with" a competitor of Park, in violation of the amended plan. Plaintiff commenced this action to recover his plan interest, as well as damages for conversion by Park of a trade secret chemical formula, which plaintiff exclusively owned, and which Park utilized according to an agreement of the parties. Thereafter plaintiff moved for summary judgment with respect to his first cause of action, the plan interest, and for leave to serve an amended complaint adding three causes of action for punitive damages against the trustees of the plan. The causes of action sought to be added were grounded in the trustees' malicious motivations underlying their refusal to pay plaintiff his plan interest, and their breach of fiduciary duties. Special Term, in effect, granted both motions and the defendants appeal to this court. Upon the record we agree with Special Term that partial summary judgment for the plan interest was justified, limited, however, as hereafter stated. The original plan provided, in effect, that "competitive employment" and "entry into business competitive" were separate, distinct and nonsynonymous grounds for forfeiture. For

this court to accept appellants' argument that the amended phrase, "if he shall enter into a business competitive", is broad or vague enough to encompass "employment" notwithstanding the 1960 deletion of the "employment" clause, would logically imply that the act of deletion was a void, purposeless and meaningless act. Accordingly, the intent can be ascertained within the four corners of the document, and the language is in need of neither extrinsic evidence nor judicial construction. However, the plan provides, in subdivision (b) of section 3 thereof, that any benefits under it shall be paid in the following manner: "Such resulting amount shall be paid to the terminated participant in a lump sum or in such installments and over such period of years (but not in excess of 10 years), and in such cash or other property *as the Trustees, in their complete discretion, shall decide."* (Emphasis added.) Under such circumstances, Special Term was not warranted in awarding the plaintiff the full sum of $15,647.35, with interest thereon from November 30, 1973, without proof as to the prior practices of the trustees in cases where employees' services had been terminated. The action has therefore been remanded for the taking of proof as to that purpose and for the taking of any other relevant proof, including, if necessary, the present commuted value of said $15,647.35 of the ascertainment of what "other property" the trustees should give plaintiff. We are of the opinion that the three amended causes of action are insufficient as a matter of law and that leave to serve them should have been denied. It is well settled that plaintiff's right to the profit sharing interest is a mere contract right for deferred compensation, flowing from an employment contract. The fact that the collective plan interest is kept in the *form* of a trust does not give the plaintiff any greater rights (see *Gitelson v Du Pont,* 17 NY2d 46, 48; accord *Hadden v Consolidated Edison Co. of N. Y.,* 34 NY2d 88, 96). We also find that under the circumstances of this case the claim for punitive damages does not lie (cf. *Wegman v Dairylea Coop.,* 50 AD2d 108, 113; accord *Trans-State Hay & Feed Corp. v Faberge, Inc.,* 42 AD2d 535, affd 35 NY2d 669). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.