■ LEONARD STRANGE et al., Respondents, v WILLIAM SAMPSON, Doing Business as SAMPSON's PROSTHETIC LABORATORY, Defendant and Third-Party Plaintiff-Appellant. JOHN P. NEILSON, Doing Business as NEILSON's PROS-THETIC CENTER, et al., Third-Party Defendants-Respondents; K & K PROS-THETIC SUPPLIES, INC., et al., Third-Party Defendants.—Appeal from so much of an order of the Supreme Court at Special Term, entered February 7, 1979 in Schenectady County, as granted a severance of the third-party actions from the action-in-chief. The primary action seeks to recover for personal injuries sustained by plaintiff Leonard Strange, allegedly resulting from the improper manufacture of a right leg prosthesis by defendant and the improper servicing of another artificial limb also by defendant. The action was commenced on March 19, 1973 and, although there is some confusion in the record, issue was apparently joined April 17, 1976. The third-party actions against the various third-party defendants were commenced in June and July of 1978. In December, 1978, third-party defendant Ram Chemical Products Division moved for a severance on the grounds that defendant was unable to provide any information as to the nature of the causes of action alleged in the third-party complaint due to its failure to conduct proper pretrial disclosure and that there was an unreasonable delay in commencing the third-party actions. All of the other third-party defendants joined in the motion for severance. Special Term granted the motion and this appeal followed. The court has the discretionary power to sever a third-party action from the main action (CPLR 1010). This record reveals that the third-party actions were not commenced until at least some 15 months after issue was joined in the primary action. The reason for the delay was admittedly due to law office failure to timely complete pretrial disclosure. Considering the record in its entirety, we are of the view that Special Term did not abuse its discretion in granting the severance (see *Shipsey v Katz,* 58 AD2d 827; *Vita Food Prods. v Epstein & Sons,* 52 AD2d 522). Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.