■ JOHN NIELSEN, as Administrator of the Estates of MAY E. NIELSEN et al., Deceased, et al., Respondents, v GREENMAN BROS., INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. NASSAU COUNTY MEDICAL CENTER et al., Third-Party Defendants-Respondents. (Actions Nos. 1 and 2.) AUSTIN S. MANGINARO, an Infant, by His Mother and Natural Guardian, FLORENCE MANGINARO, et al., Respondents, v COUNTY OF NASSAU et al., Respondents. (Action No. 3.) JOHN NIELSEN, as Administrator of the Estates of MAY E. NIELSEN et al., Deceased, et al., Respondents, v ARTHUR CASSEL, as Executor of JOSEPH KATZ, Deceased, et al., Defendants and Third-Party Plaintiffs-Appellants. GREENMAN BROS., INC., Doing Business as PLAYWORLD, Third-Party Defendant and Fourth-Party Plaintiff-Appellant; NASSAU COUNTY MEDICAL CENTER et al., Fourth-Party Defendants-Respondents. (Action No. 4.) (And Two Other Actions.) — In an action to recover damages for personal injuries and wrongful death, etc., predicated upon theories of negligence and medical malpractice, Greenman Bros., Inc. appeals (1) from so much of an order of the Supreme Court, Nassau County (Harwood, J.), dated October 31, 1983, as granted those branches of plaintiffs' motion which sought severance of the third-party actions from the main actions in consolidated actions Nos. 1 and 2 and for severance of the fourth-party action in action No. 4, and (2) from an

order of the same court, dated November 18, 1983, which, *inter alia,* denied its motion for renewal and reargument, and Arthur Cassel, Joseph Katz and Gladys E. Barr appeal from stated portions of the order dated October 31, 1983. ¶ Order dated October 31, 1983 affirmed, insofar as appealed from. ¶ Appeal from so much of the order dated November 18, 1983, as denied that branch of Greenman Bros., Inc.'s motion as sought reargument dismissed, and order otherwise affirmed. No appeal lies from that part of an order denying reargument. ¶ Respondents appearing separately and filing separate briefs, are awarded one bill of costs payable by appellants appearing separately and filing separate briefs. ¶ In light of the demonstrated lack of diligence in proceeding with discovery in the third-party actions, the absence of any reasonable justification for the substantial delay in serving the third- and fourth-party complaints and the possibility of prejudice to plaintiffs in the main actions if further delay is permitted in order to convene a medical malpractice panel and to complete discovery in the subsidiary actions, we find no basis to disturb the discretionary determination of Special Term (see *Strange v Sampson,* 73 AD2d 749; *Shipsey v Katz,* 58 AD2d 827; *Cipollina v Kent,* 52 AD2d 632; but see *Fries v Sid Tool Co.,* 90 AD2d 512; *Johnston Prods. Corp. v ATI, Inc.,* 87 AD2d 604; *Coppola v Robb,* 55 AD2d 634). Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.