■ LILLIAN GARDNER et al., Appellants, v CITY OF NEW YORK, Respondent and Third-Party Plaintiff-Respondent. SOCIETY OF THE NEW YORK HOSPITAL FUND, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. — Order, Supreme Court, New York County (Robert E. White, J.), entered January 18, 1984, denying, *inter alia,* the motion of third-party defendant-appellant Society of The New York Hospital, sued here as Society of New York Hospital Fund, Inc. (Hospital), to sever the third-party action and order a separate trial thereof is unanimously modified, on the law, the facts and in the exercise of discretion, without costs, to the extent of granting severance and a

separate trial of the third-party action, except as to third-party defendant Abraham J. Crystal, and is otherwise affirmed. ¶ On August 17, 1982, plaintiff Lillian Gardner and her husband, plaintiff Stephen S. Gardner, commenced this negligence action against the City of New York (City) to recover damages for personal injuries and loss of services and companionship, resulting from a fracture of Mrs. Gardner's hip, sustained in a "slip and fall" on a sidewalk allegedly owned and maintained by the City. Plaintiffs served a bill of particulars on the City in December, 1982 and a supplemental bill on May 3, 1983. The supplemental bill alleged additional injuries and expenses caused by the fracture of a "Richard's Screw" which had been implanted in Mrs. Gardner's hip at the Hospital as part of her treatment after the fall. The fracture of the device caused medical complications and the need for further surgery. On June 2, 1983, plaintiffs served a note of issue and a statement of readiness and claimed a preference pursuant to CPLR 3403 (subd [a], par 4), based on the fact that plaintiff Lillian Gardner has attained more than 70 years of age. ¶ On October 25, 1983, the City commenced a third-party action against the Hospital where Mrs. Gardner had been treated after her fall and its staff doctors who implanted the "Richard's Screw"; against Abraham J. Crystal (Crystal) whom the City alleged maintained control over the premises abutting the location where Mrs. Gardner fell; and against the Richard's Medical Company and Michael Slavin, responsible for the design and manufacture of the "Richard's Screw". ¶ Special Term, in an improvident exercise of discretion, denied the Hospital's motion, in which plaintiffs joined by way of a supporting affirmation, to sever the third-party actions. (See CPLR 1010; *Strange v Sampson*, 73 AD2d 749.) While the City may not be guilty of laches, as a matter of law, in failing to commence its third-party action earlier than five months after receiving notice of plaintiff's additional injuries or three months from plaintiffs' note of issue and statement of readiness, that delay was prejudicial to plaintiffs, especially in view of Mrs. Gardner's age and her statutory preference. Failure to sever the third-party action will further delay the trial of her action because of the necessity to convene a medical malpractice panel and to provide for discovery in the third-party action. Such delay in determining the main action will result in extreme prejudice to plaintiffs' substantial rights. (See CPLR 1010; *Nielson v Greenman Bros.*, 100 AD2d 578; *Falk v Palm Beach Home for Adults*, 71 AD2d 963; *Shipsey v Katz*, 58 AD2d 827.) ¶ Moreover, with the exception of the City's action against Crystal, there are no facts, issues or questions of law to be determined that are common to the main and third-party actions and thus, no compelling need for a single trial. (*Henderson v Wein Hardware Co.*, 51 AD2d 696; *Fries v Sid Tool Co.*, 90 AD2d 512; *Shipsey v Katz, supra.*) Retention of Crystal as a party to the main action is warranted however, since plaintiffs' complaint against the City alleges the negligent maintenance of the sidewalk on which Mrs. Gardner fell, and the City's third-party complaint against Crystal charges that Crystal, as the abutting landowner, has responsibility for maintenance of that sidewalk. Thus that issue is common to the two actions and should be resolved in the same trial. However, those third-party actions which are severed concern alleged negligence and medical malpractice in the treatment of Mrs. Gardner at the hospital and alleged negligence and breach of warranty in respect to "Richard's Screw", issues which are foreign to those involved in the main action. (*Shipsey v Katz, supra.*) Concur — Carro, J. P., Asch, Milonas and Alexander, JJ.; Bloom, J., concurs in the result only.