■ NATIONAL SUPERLEASE, INC., Respondent, v RELIANCE INSURANCE COMPANY OF NEW YORK et al., Appellants. DEAN W. SANDERS et al., Third-Party Defendants-Respondents. RELIANCE INSURANCE COMPANY OF NEW YORK, Appellant, v DEAN W. SANDERS et al., Additional Defendants on Counterclaims, Respondents. — In an action to enforce by injunctive and declaratory means a policy of insurance issued to plaintiff National Superlease, Inc., by defendant Reliance Insurance Company of New York and to recover damages for defendants' alleged defaults under the policy, defendants appeal (1) from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated March 21, 1984, as set the instant action down for an expeditious trial and permitted plaintiff to place the action on the Trial Calendar of April 23, 1984 subject to the direction of the Justice then presiding, and (2) from an order of the same court (Lerner, J.), dated May 23, 1984, which (a) granted their motion for an

order vacating the note of issue and statement of readiness only to the extent of directing plaintiff and defendants in the principal action to appear on May 25, 1984 for examinations before trial; (b) granted that branch of the motion of the third-party defendants and additional defendants on the counterclaims which sought a severance of the counterclaims and the third-party action from the principal action and extended to June 29, 1984 their time to move or to answer; and (c) directed that the action proceed to trial on June 1, 1984 in accordance with the March 21, 1984 order directing an expeditious trial. On May 29, 1984 this court granted a stay of discovery and of the trial in this matter. ¶ Order dated March 21, 1984, modified by deleting therefrom the direction that this action be placed on the calendar of April 23, 1984 and substituting therefor a provision directing that this action be placed on the Trial Calendar of September 10, 1984 subject to the direction of the Justice then presiding. As so modified, order affirmed insofar as appealed from, without costs or disbursements. ¶ Order dated May 23, 1984, modified by (1) deleting therefrom the direction that plaintiff and defendants appear on May 25, 1984 for an examination before trial and substituting therefor a provision that the examinations before trial be completed within 60 days after entry of the order to be made hereon, and (2) deleting therefrom the direction that the action proceed to trial on June 1, 1984 and substituting therefor a provision directing that this action be placed on the Trial Calendar of September 10, 1984 subject to the direction of the Justice then presiding. As so modified, order affirmed, without costs or disbursements. ¶ Stay granted May 29, 1984 vacated. ¶ In light of plaintiff's willingness to consent to an adjournment of the trial until September to permit the parties to complete full discovery, we find no reason to vacate plaintiff's note of issue and statement of readiness or to vacate Special Term's granting of a trial preference. ¶ We further note that Trial Term did not abuse its discretion in granting a severance (CPLR 603, 1010). Considering the totality of circumstances, the third-party defendants and additional defendants on the counterclaims would be severely prejudiced by pressing their claims to trial together with the main action (see *Strange v Sampson,* 73 AD2d 749; *Vita Food Prods. v Epstein & Sons,* 52 AD2d 522; *Mancuso v Bellerive,* 50 AD2d 802). Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.