◼ JUDITH ZUCKERMAN et al., Plaintiffs, v LA GUARDIA HOSPITAL, Defendant and Third-Party Plaintiff-Respondent. CORAZON TOLENTINO, Third-Party Defendant-Appellant.—In a medical malpractice action, the third-party defendant appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated November 22, 1985, which denied her motion, *inter alia*, to dismiss the third-party complaint or, in the alternative, to sever the third-party action from the main action.

Ordered that the order is reversed, without costs or disbursements, and the motion is granted to the extent that the third-party action is severed from the main action.

The third-party action was commenced, without any reasonable justification, approximately eight years after service of the complaint in the main action and approximately 18 months after the plaintiff had filed a note of issue and statement of readiness. While the order which is the subject of this appeal sought to allot sufficient time for the third-party defendant to undertake and complete discovery so that the denial of a severance would not prejudice her *(see, Fries v Sid Tool Co., 90 AD2d 512)*, under the circumstances, it would be unfair to require the third-party defendant to proceed to trial without an adequate opportunity to complete pretrial disclosure. Consequently, by order dated January 27, 1986, we granted the third-party defendant's motion for a stay of the trial of the main and third-party action scheduled for jury selection on that date, pending determination of the instant appeal. Since a note of issue had been filed in the main action, the order dated November 22, 1985, in effect precluded further discovery after the specified deadline date, and while this appeal was pending. Therefore, there is a possibility of prejudice to the plaintiffs in the main action if further delay is permitted in order to complete discovery in the third-party action and to reconvene a medical malpractice panel, pursuant to Judiciary Law § 148-a, to hear the medical issues pertaining to the third-party defendant *(see, Nielsen v Greenman Bros., 100 AD2d 578)*. Although the main and third-party action share some common questions of fact and law, in view of the absence of any reasonable justification for the substantial delay in serving the third-party complaint, the prejudice to the third-party defendant's discovery rights attributable to the delay in serving the order which is the subject of this appeal, and the potential prejudice to the plaintiff if a trial of the

main action is further delayed, a severance of the third-party action is warranted. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.