■ Lakbir Singh et al., Plaintiffs, v Louis Piccolo et al., Defendants and Third-Party Plaintiffs-Appellants. Abdul Shakoor, Doing Business as All City Construction Co., Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, the defendants third-party plaintiffs Louis and Vivian Piccolo appeal from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated August 24, 1988, as granted that branch of the third-party defendant's motion which was to sever the third-party action from the main action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court, Kings County, properly exercised its discretion in severing the third-party action from the main action (CPLR 1010). The third-party action was not commenced until approximately 1 year and 3 months after issue was joined in the main action and approximately 4 months after summary judgment was awarded to the plaintiffs in the main action on the issue of liability. The defendants third-party plaintiffs proffered no reasonable justification for the delay. Although the main and third-party actions share some common questions of fact and law, we find that severance was warranted in the absence of any reasonable justification for the delay in serving the third-party complaint and in view of the possibility of prejudice to either the plaintiffs or the third-party defendant if that branch of the motion which was to

sever was denied *(see, Zuckerman v La Guardia Hosp.,* 125 AD2d 304; *Strange v Sampson,* 73 AD2d 749; *Shipsey v Katz,* 58 AD2d 827; *Vita Food Prods. v Epstein & Sons,* 52 AD2d 522). Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.