■ MICHAEL CUSANO, an Infant, by His Father and Natural

Guardian, PAUL CUSANO, et al., Appellants, v SANKYO SEIKI MANUFACTURING Co., LTD., Defendant and Third-Party Plaintiff, HYDROMETALS, INC., Defendant and Second Third-Party Plaintiff-Respondent, et al., Defendants. PETER BOFFOLI et al., Third-Party Defendants; A & A TRADING COMPANY et al., Second Third-Party Defendants.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated September 19, 1991, as denied the branch of their motion which was to sever the second third-party action from the main action.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the motion is granted to the extent that the second third-party action is severed from the main action.

The second third-party action was commenced approximately eight years after service of the complaint in the main action. Although the court had imposed a stay of substantive discovery which lasted for approximately six of those years, the defendant second third-party plaintiff-respondent has known since the commencement of the main action of the plaintiffs' claims with respect to its conduct and the third-parties' roles therein. In any event, the second third-party action was not commenced until almost two years after the stay of discovery was lifted.

Under the circumstances, we find no justification for delaying the service of the second third-party complaint until the parties had nearly completed their long discovery process and were about to proceed to trial (see, Nielsen v Greenman Bros., 100 AD2d 578; Santos v Sure Iron Works, 166 AD2d 571). To allow impleader at this late date would result in either prejudice to the plaintiffs by the delay necessary to allow the second third-party defendants to engage in discovery and examine prior voluminous disclosure, or it would prejudice the second third-party defendants by requiring them to proceed to trial without the opportunity of such discovery (see, Vita Food Prods. v Epstein & Sons, 52 AD2d 522; see also, Zuckerman v La Guardia Hosp., 125 AD2d 304). Accordingly, severance of the second third-party complaint is warranted. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.