South v Metropolitan Transp. Auth. (2019 NY Slip Op 07213)





South v Metropolitan Transp. Auth.


2019 NY Slip Op 07213


Decided on October 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2019

Friedman, J.P., Sweeny, Richter, Mazzarelli, Webber, JJ.


10011 -7151] 10010 10009 10008

[*1]Craig South, Plaintiff-Appellant,
v
Metropolitan Transportation Authority, et al., Defendants-Respondents.
Metropolitan Transportation Authority, et al., Third-Party Plaintiffs-Respondents,
v
Iron Bridge Constructors Inc., Third-Party Defendants-Appellants, Bilingual Safety Training, LLC, Third-Party Defendants.
Wayne Gavonich, Plaintiff-Appellant,
v
Metropolitan Transportation Authority, et al., Defendants-Respondents.
Metropolitan Transportation Authority, et al., Third-Party Plaintiffs-Respondents,
v
Iron Bridge Constructors, Inc., Third-Party Defendants-Appellants, Bilingual Safety Training, LLC, Third-Party Defendant.
Robert Peoples, Plaintiff,
v
City of New York, Defendant, [*2] Metropolitan Transportation Authority, et al., Defendants-Respondents, Manhattan and Bronx Surface Transit Operation Authority, et al., Defendants.
Metropolitan Transportation Authority, et al., Third-Party Plaintiffs-Respondents,
v
Iron Bridge Constructors, Inc., Third-Party Defendant-Appellant, Bilingual Safety Training, LLC, Third-Party Defendant.


Sacks and Sacks LLP, New York (Scott N. Singer of counsel), for Craig South and Wayne Gavinovich, appellants.
Hannum Feretic Prendergast & Merlino, LLC, New York (Jessica M. Erickson of counsel), for Iron Bridge Constructors, Inc., appellant.
Shein & Associates, P.C., Syosset (Robert O. Pritchard of counsel), for respondents.



Orders, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 7, 2018, which denied plaintiffs Wayne Gavonich's and Craig South's motions for summary judgment on their Labor Law § 240(1) claims, unanimously reversed, on the law, without costs, and the motions granted. Orders, same court (Lucindo Suarez, J.), entered on or about April 17 and 18, 2019, which denied third-party defendant Iron Bridge Constructors, Inc.'s motions pursuant to CPLR 1010 and 603 to dismiss or, in the alternative, sever the third-party actions as against it, unanimously reversed, on the facts, without costs, and the motions to sever granted.
Plaintiffs Gavonich and South established prima facie that defendants are liable for their injuries under Labor Law § 240(1) by submitting evidence that they fell to the ground and were injured when the lift truck upon which they were working moved when it was struck by a passing bus (Alomia v New York City Tr. Auth., 292 AD2d 403, 405 [2d Dept 2002]; see Zengotita v JFK Intl. Air Term., LLC, 67 AD3d 426 [1st Dept 2009]; Dos Santos v State of New York, 300 AD2d 434 [2d Dept 2002]). Moreover, the lift truck, which was being used as an elevated work platform, lacked a guardrail to prevent falls (see Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]). In opposition, defendants failed to raise an issue of fact. They rely instead on hearsay evidence as to how the accident may have occurred. Such hearsay evidence alone is insufficient to defeat a motion for summary judgment (Ying Choy Chong v 457 W. 22nd St. Tenants Corp., 144 AD3d 591, 592 [1st Dept 2016]).
Given defendants' unexplained, extensive delays in commencing the third-party actions after discovery had been completed and the trial-ready posture of all three main actions, Iron Bridge's motion to sever the third-party actions as against it should have been granted (see Garcia v Gesher Realty Corp., 280 AD2d 440 [1st Dept 2001]; Cusano v Sankyo Seiki Mfg. Co., 184 AD2d 489 [2d Dept 1992]).
M-7151 - Robert Peoples v City of New York
Motion to stay trial pending determination
of the appeal denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 8, 2019
CLERK