Tank v Westchester County Health Care Corp. (2020 NY Slip Op 08096)





Tank v Westchester County Health Care Corp.


2020 NY Slip Op 08096


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2018-12223
 (Index No. 67582/14)

[*1]Maureen Tank, etc., plaintiff, 
v
Westchester County Health Care Corporation, defendant/third- party plaintiff-appellant, et al., defendants; North American Partners in Anesthesia, LLP, third-party defendant-respondent.


Vigorito, Barker, Patterson, Nichols & Porter, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Seth M. Weinberg], of counsel), for defendant/third-party plaintiff-appellant.
Fullerton Beck, LLP, White Plains, NY (Edward J. Guardaro, Jr., of counsel), for third-party defendant.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., and a third-party action, inter alia, for contractual indemnification, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated September 26, 2018. The order, insofar as appealed from, granted that branch of the third-party defendant's motion which was to sever the third-party action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 10, 2014, the plaintiff commenced this action against, among others, the defendant Westchester County Health Care Corporation (hereinafter WCHCC), to recover damages for medical malpractice. On August 1, 2017, the plaintiff filed a note of issue and a certificate of readiness for trial. On April 16, 2018, WCHCC commenced a third-party action against North American Partners in Anesthesia, LLP (hereinafter NAPA), inter alia, for contractual indemnification. Thereafter, NAPA moved, among other things, to sever the third-party action, asserting that it had not been afforded an adequate opportunity to conduct discovery in the third-party action. In an order dated September 26, 2018, the Supreme Court, inter alia, granted that branch of NAPA's motion which was to sever the third-party action. WCHCC appeals.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of NAPA's motion which was to sever the third-party action in light of the completion of discovery in the main action, to avoid further delay of that action, which was commenced more than six years ago, and to avoid prejudice to NAPA (see CPLR 603, 1010; Whippoorwill Hills Homeowners Assn., Inc. v Toll at Whippoorwill, L.P., 91 AD3d 864; Singh v Piccolo, 161 AD2d 698).
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.

2018-12223 DECISION & ORDER ON MOTION
Maureen Tank, etc.,, plaintiff, v Westchester
County Health Care Corporation, defendant/third-
party plaintiff-appellant, et al., defendants; North
American Partners in Anesthesia, LLP, third-party
defendant-respondent.
(Index No. 67582/14)

Motion by the defendant/third-party plaintiff-appellant, inter alia, to strike the third-party defendant-respondent's brief or stated portions of the brief on an appeal from an order of the Supreme Court, Westchester County, dated September 26, 2018, on the ground that they refer to matter dehors the record. Cross motion by the third-party defendant-respondent to strike the defendant/third-party plaintiff-appellant's brief or stated portions of the brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated April 29, 2019, that branch of the motion which is to strike the third-party defendant-respondent's brief or stated portions of the brief and the cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike the third-party defendant-respondent's brief or stated portions of the brief is granted to the extent that the following portions of the third-party defendant-respondent's brief are stricken and have not been considered in the determination of the appeal: (1) the second full paragraph on page 8; (2) the first paragraph on page 9; (3) the first and second full paragraphs on page 14 and the first paragraph on page 15; (4) footnote two on page 23; and (5) footnote five on page 26; and it is further,
ORDERED that the cross motion is denied.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court