People's United Bank, N.A. v Hampton Mgt. Group, Inc. (2023 NY Slip Op 06154)

People's United Bank, N.A. v Hampton Mgt. Group, Inc.

2023 NY Slip Op 06154

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2022-02419
 (Index No. 602850/21)

[*1]People's United Bank, National Association, respondent, 
v
Hampton Management Group, Inc., et al., defendants, Carlos Arenas, etc., appellant.

Tarbet & Lester, PLLC, East Hampton, NY (Brian J. Lester of counsel), for appellant.
Jaspan Schlesinger, LLP, Garden City, NY (Christopher D. Palmieri of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Carlos Arenas, also known as Carlos Daniel Real Arenas, appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), entered February 7, 2022. The order and judgment granted the plaintiff's motion, inter alia, for summary judgment on the cause of action alleging breach of contract insofar as asserted against that defendant, awarded damages in favor of the plaintiff and against that defendant in the principal sum of $83,860.06, dismissed that defendant's affirmative defenses, and severed all other claims.
ORDERED that the order and judgment is affirmed, with costs.
In 2019, the defendants Carlos Arenas, also known as Carlos Daniel Real Arenas, and Mark Ripolone formed Hampton Management Group, Inc. (hereinafter Hampton), a corporation which provided concierge services to hotels in Montauk, Long Island. Thereafter, Arenas opened a bank account on behalf of Hampton at the People's United Bank, National Association (hereinafter the plaintiff bank). On May 22, 2020, Hampton entered into a Merchant Processing Agreement that permitted it to accept credit card and other payments into its business deposit account at the plaintiff bank. In connection with this Merchant Processing Agreement, Arenas signed a personal guaranty.
Between May 24, 2020, and October 17, 2020, Hampton processed 403 credit card transactions, totaling $197,917.72, which were posted into the business deposit account. However, the plaintiff bank received 19 chargebacks against the account, causing the account to be overdrawn in the amount of $83,860.06.
The plaintiff bank subsequently commenced this action against Hampton, Arenas, and Ripolone, inter alia, to recover damages for breach of contract. The plaintiff bank moved for summary judgment on this cause of action insofar as asserted against Arenas and to sever all other claims. By order and judgment entered February 7, 2022, the Supreme Court granted the plaintiff bank's motion, dismissed Arenas's affirmative defenses, severed all other claims, and awarded damages in favor of the plaintiff bank and against Arenas. Arenas appeals.
The Supreme Court properly granted that branch of the plaintiff bank's motion which was for summary judgment on the cause of action to recover damages for breach of contract insofar as asserted against Arenas. The plaintiff satisfied its prima facie burden, as it demonstrated that Arenas personally and unconditionally guaranteed payment of Hampton's obligations under the Merchant Processing Agreement, that Hampton defaulted on said obligations, and that Arenas defaulted on his obligations under the personal guaranty (see Alvarez v Prospect Hosp., 68 NY2d 320; North Fork Bank v ABC Merchant Servs., Inc., 49 AD3d 701). In opposition, Arenas failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557).
CPLR 603 provides that a court may order a severance of claims in furtherance of convenience or to avoid prejudice (see id.). Contrary to Arenas's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff bank's motion which was to sever all other claims (see Tank v Westchester County Health Care Corp., 189 AD3d 1640, 1641).
Arenas's remaining contention is without merit.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court