## Molinari v New York City Tr. Auth.

2024 NY Slip Op 33112(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 152517/2020

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. RICHARD TSAI**     PART     **21**

*Justice*

---------------------------------------------------------------------------X

ELVIRA MOLINARI,

                       Plaintiff,

              - v -

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, THE
CITY OF NEW YORK,

                     Defendants.

---------------------------------------------------------------------------X

NEW YORK CITY TRANSIT AUTHORITY

                     Plaintiff,

              -against-

FSP 787 SEVENTH, LLC

                    Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152517/2020 |
| MOTION DATE | 06/04/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595135/2024

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 79-89, 91-99
were read on this motion to/for            **SEVER**        .

Upon the foregoing documents, it is **ORDERED** that third-party defendant FSP 787 Seventh, LLC's motion to sever the third-party action, or in the alternative, for an extension of time to conduct third-party discovery is **GRANTED IN PART TO THE EXTENT** that the entire third-party action is severed, and the remainder of the motion is otherwise denied; and it is further

     **ORDERED** that, within 30 days from entry of this order, third-party defendant FSP 787 Seventh, LLC shall serve a copy of this order with notice of entry on the Clerk of the Court (i.e., the County Clerk); and it is further

     **ORDERED** that service of this order upon the Clerk of the Court shall be in accordance with the procedures set forth set forth in Section J of the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases*[1] (accessible at

---

[1] Pursuant to Section J, in order for the Clerk of the General Clerk's Office to effectuate this order, the movant must e-file a copy of the order "using the NYSCEF document type 'Service on Supreme Court Clerk (Genl. Clerk) w/Copy of Order'" and the filer must provide "as additional

**152517/2020  MOLINARI, ELVIRA vs. NEW YORK CITY TRANSIT**        **Page 1 of 4**
**Motion No.  003**

1 of 4

the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf); and it is further

ORDERED that, upon service of a copy of this order with notice of entry, the Clerk of the Court is directed to issue a new index number for the severed third-party action, without fee; and it is further

ORDERED that the severed third-party action shall bear the following caption:

NEW YORK CITY TRANSIT AUTHORITY,

Plaintiff,

*against*

FSP 787 SEVENTH, LLC,

Defendant.

and it is further

ORDERED that the pleadings in the third-party action hereby severed shall stand as the pleadings in the new action; and it is further

ORDERED that, as applicable and insofar as is practical, the Clerk of this Court shall either file in the New York State Courts Electronic Filing System the documents in the third-party action being severed under the new index number to be issued, or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents that were previously filed in the third-party action; and it is further

ORDERED that counsel for third-party defendant FSP 787 shall contact the staff of the Clerk of the Court to arrange for the effectuation of the severance hereby directed; and it is further

ORDERED that, within 30 days from entry of this order, third-party defendant FSP 787 shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office, who is hereby directed to reflect the severance of the third-party action by appropriately marking the court's records; and it is further

---

information (in the 'Additional Document Information' field) a brief description of the type of order being submitted (e.g., 'Order of Consolidation' . . . ) (*id.*).

Likewise pursuant Section J, in order for the County Clerk to effectuate this order, the movant must serve a copy of this order on the County Clerk "by filing with NYSCEF a completed Notice to the County Clerk - CPLR § 8019 (c) (NYSCEF Form EF-22, available on the NYSCEF site)" (*id.*)

**152517/2020   MOLINARI, ELVIRA vs. NEW YORK CITY TRANSIT**                    **Page 2 of 4**
**Motion No.  003**

2 of 4

[* 2]

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in Section J of the aforesaid *Protocol.*

In this action, plaintiff alleges that, on March 19, 2022, she tripped and fell due to an uneven metal grate in the sidewalk in front of 787 Seventh Avenue in Manhattan, which is allegedly owned, controlled, and maintained by defendant New York City Transit Authority (affirmation of plaintiff's counsel in opposition to motion ¶ 5 [NYSCEF Doc. No. 91).

On May 30, 2023, plaintiff filed the note of issue (*see* NYSCEF Doc. No. 37). Five months later, on October 23, 2023, defendant commenced a third-party action against third-party defendant FSP 787, the alleged abutting property owner (*see* NYSCEF Doc. No. 55).

Third-party defendant FSP 787 now moves for severance of the third-party action, or in the alternative, for an extension of the time for it to conduct its own discovery, including depositions, an additional IME of plaintiff, etc. Defendant New York City Transit Authority does not oppose the motion. Plaintiff partially opposes the motion, in that if severance is not granted, the case should be allowed to remain on the trial calendar to complete third-party defendant's discovery, so as not to prejudice plaintiff (affirmation of plaintiff's counsel in partial opposition ¶ 10 [NYSCEF Doc. No. 91]).

Severance is granted.

As plaintiff pointed out, commencement of the third-party action five months after the note of issue was filed was untimely. The preliminary conference order stated that all actions for impleader shall be completed "w[ithin] 60 days after the last EBT" (*see* plaintiff's Exhibit B in partial opposition [NYSCEF Doc. No. 93]). As third-party defendant FSP 787 points out, the commencement of the third-party action five months after the filing of the note of issue was prejudicial to plaintiff. "Failure to sever the third-party action will further delay the trial of her action because of the necessity . . .to provide for discovery in the third-party action" (*Gardner v City of New York*, 102 AD2d 800, 801 [1st Dept 1984]).

In this court's view, it is highly unlikely that there are facts, issues, or questions of law to be determined that are common to the main and the third-party actions.

In the main action, a key issue is whether defendant New York City Transit Authority is the owner of the sidewalk grate where plaintiff allegedly fell, so as to have a nondelegable duty of maintenance and repair of the grating, as well as the area extending 12 inches from its perimeter pursuant to 34 RCNY 2-07 (b) (*Roa v City of New York*, 188 AD3d 504 [1st Dept 2020]; *Storper v Kobe Club*, 76 AD3d 426 [1st Dept

**152517/2020   MOLINARI, ELVIRA vs. NEW YORK CITY TRANSIT**           **Page 3 of 4**
**Motion No.  003**

3 of 4

[* 3]

2010]; *Hurley v Related Mgt. Co.*, 74 AD3d 648 [1st Dept 2010]).  34 RCNY § 2-07 (b) (3) requires that "Street hardware shall be flush with the surrounding street surface."

Another key issue is whether plaintiff fell within the 12-inch perimeter of the grate.

If defendant New York City Transit Authority is the owner of the grate, and plaintiff fell within the 12-inch perimeter of the grate, then the abutting property owner would not be responsible for the area where plaintiff allegedly fell (*see Storper*, 76 AD3d 426, 427 [1st Dept 2010]).  Thus, "34 RCNY 2–07(b) provides an exception to the landowner's liability with respect to covers and their surrounding street areas" (*Jones v Vornado New York RR One L.L.C.*, 223 AD3d 467, 468 [1st Dept 2024]).

Put differently, if it is established at trial of the main action that defendant New York City Transit Authority is the owner of the grate, and that plaintiff fell within 12 inches of that grate, then it would be impossible for the abutting property owner to be responsible for the grate.  Resolution of the main action would be dispositive of the third-party action.

If it is not established at trial of the main action that defendant New York City Transit Authority is the owner of the grate, then plaintiff would not be able to recover against defendant New York City Transit Authority for any violation of 34 RCNY § 2-07 (b).  In that scenario, defendant New York City Transit Authority would not have incurred any damages for which it could seek common-law indemnification or contribution from the abutting property owner.  Again, resolution of the main action would be dispositive of the third-party action.

Severance of the third-party action will result in an action that is issued a new index number, where plaintiff is not a party to the newly severed action. A preliminary conference will be scheduled after the severance is effectuated, and after the parties in the newly severed action file a Request for Judicial Intervention (RJI) and a Request for a Preliminary Conference in the new index number.

Finally, there might be practical, logistical obstacles in effectuating the severance.  For example, the County Clerk might require a new pleading to efiled in the newly severed action.  Should the New York City Transit Authority refuse to cooperate with effectuating the severance,  FSP 787 Seventh, LLC may bring a motion in this action to compel such additional acts which would be necessary to fully effectuate the severance of the third-party action against FSP 787 Seventh, LLC.

20240906191837RTSAI17F90B7FF02042FC9BAE5879A93870CA

| 9/6/2024 | | | | | | RICHARD TSAI, J.S.C. | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | | | | |

**CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
**APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER |
**CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152517/2020   MOLINARI, ELVIRA vs. NEW YORK CITY TRANSIT**                    Page 4 of 4
**Motion No.  003**

4 of 4