**Leban v McGee Amusements Inc.**

2025 NY Slip Op 32794(U)

August 14, 2025

Supreme Court, New York County

Docket Number: Index No. 151596/2020

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**      PART      04

*Justice*

------------------------------------------------------------------------------X

JOANNA LEBAN,

                   Plaintiff,

            - v -

MCGEE AMUSEMENTS INC., BRIAN HOGAN,

               Defendants.

------------------------------------------------------------------------------X

MCGEE AMUSEMENTS INC., BRIAN HOGAN,

               Third-Party Plaintiffs,

          -against-

NICKHIL GUPTA, D.O., NICKHIL GUPTA, D.O., P.C.,

              Third-Party Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151596/2020 |
| **MOTION DATE** | 11/21/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595376/2024

The following e-filed documents, listed by NYSCEF document number (Motion 003) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion to             SEVER ACTION          .

Upon the foregoing documents, plaintiff's motion to sever the third-party action from this action and, thereafter, consolidate the severed third-party action with the action *Joanna Leban v Nickhil Gupta D.O et al*, pending in New York State Supreme Court, New York County under Index No. 805119/2024, is granted to the extent that the third-party action is severed and otherwise denied without prejudice.

Plaintiff commenced this action on February 12, 2020, alleging that on April 15, 2019, defendant Brian Hogan fell from an elevated height while performing repairs at plaintiff's place of employment, that his fall was due to the negligence of defendant McGee Amusements Inc., and

**151596/2020 LEBAN, JOANNA vs. MCGEE AMUSEMENTS INC.**
**Motion No. 003**

**Page 1 of 4**

1 of 4

[* 1]

that plaintiff was injured because of Hogan's fall (NYSCEF Doc No. 1, complaint). Accordingly, plaintiff asserted claims sounding in negligence and violation of Labor Law §§200 and 240(1) (*id.*).

On April 9, 2024, defendants commenced a third-party action against Nickhil Gupta, D.O. and Nickhil Gupta, D.O., P.C., for medical malpractice, contribution, and indemnification, alleging that the third-party defendants failed to properly diagnose and treat plaintiff for any injuries she sustained on April 15, 2019, exacerbating same (NYSCEF Doc No. 60).

Plaintiff now moves to sever the third-party action on the grounds that the first-party action is ready for trial and discovery in the third-party action will unduly delay the trial of this five-year-old action, prejudicing her. Defendants and Third-Party Defendants oppose the motion, arguing that the commencement of the third-party action could not have surprised plaintiff and that the first and third-party actions involve common questions of law and facts such that severance is inappropriate. They also argue that, given these shared questions of law and fact, plaintiff's separate malpractice action against Dr. Gupta should be consolidated into this action, though they do not formally cross-move for such relief.

## DISCUSSION

CPLR 603 provides that, "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue..." (CPLR 603). CPLR 1010, which applies specifically to third-party actions, provides that

> The court may dismiss a third-party complaint without prejudice, order a separate trial of the third-party claim or of any separate issue thereof, or make such other order as may be just. In exercising its discretion, the court shall consider whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party.

(CPLR 1010).

**151596/2020   LEBAN, JOANNA vs. MCGEE AMUSEMENTS INC.**
**Motion No.  003**

**Page 2 of 4**

2 of 4

[* 2]

Severance is warranted here. It is undisputed that discovery is complete in the first-party negligence action while discovery in the medical malpractice third-party action, commenced years after the first party action, will delay trial of the first-party action and "inevitably" prejudice plaintiff (*Cortez v New York City Hous. Auth.*, 163 AD2d 13 [1st Dept 1990]; *see also Gardner v City of New York*, 102 AD2d 800, 800 [1st Dept 1984]).

However, that branch of plaintiff's motion to consolidate the now-severed action with *Joanna Leban v Nickhil Gupta D.O et al*, pending in New York State Supreme Court, New York County under index 805119/2024 is denied without prejudice to any party moving for such relief in that action or in the now-severed action.

Accordingly, it is

**ORDERED** that the branch of plaintiff's motion to sever the third-party action is granted and it is hereby severed from this action; and it is further

**ORDERED** that the branch of plaintiff's motion to consolidate the severed third-party action with the action *Joanna Leban v Nickhil Gupta D.O et al*, pending in New York State Supreme Court, New York County under Index No. 805119/2024, is denied without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to sever the third-party action from the main action, and the third-party action shall proceed as a separate action and the Clerk of the Court shall issue an index number to the severed third-party action upon the payment of the appropriate fees by McGee Amusements Inc.; and it is further

**ORDERED** that the caption of this severed action shall read:

**151596/2020   LEBAN, JOANNA vs. MCGEE AMUSEMENTS INC.**
  **Motion No.  003**

**Page 3 of 4**

3 of 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
MCGEE AMUSEMENTS INC., BRIAN HOGAN,

                    Plaintiff,                          Index No. 151596/2020

          -against-

NICKHIL GUPTA, D.O., NICKHIL GUPTA, D.O., P.C.,

                    Defendants.
-------------------------------------------------------------------------X

and it is further

      **ORDERED** that plaintiff shall, within ten days of the date of this decision and order, serve a copy of same with notice of entry upon defendants and third-party defendant as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119) who shall mark their records to reflect the severance; and it is further

      **ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "efiling" page on this court's website); and it is further

      **ORDERED** that plaintiff is to file the note of issue on or before September 1, 2025.

      This constitutes the decision and order of this Court.

| | |
|---|---|
| **8/14/2025** | **HON. JUDY H. KIM, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151596/2020   LEBAN, JOANNA vs. MCGEE AMUSEMENTS INC.**                          **Page 4 of 4**
**Motion No.  003**